Good morning, Your Honors. Your Honor, I would like to reserve half of my time, 7.5 minutes, for rebuttal and response. Well, watch the clock because we'll be asking you questions, as you saw the last time. We don't quit. We just keep going. I try to make it even. That's about the best I can do. Thank you, Your Honor. Happy Valentine's Day to everybody. I'm here today, Your Honor, because there's a party going on, and my client and I want an invitation to that party. That party is the proceeding in the district court. And for this panel, it's crucial in deciding this matter that it be considered in context. Foremost, this is an interpleader action. So down below, there is $5 million which has been deposited into the court, into the district court. This is not a case where there's no money being held by the district court, where there's a case going on with issues of voters' rights or public policy issues of Hawaiian natives, where there's no money or property in the court. So Judge Fees, who I respect greatly, has custody of this $5 million, which he has admitted, and everybody in this case admits, our client, Mr. Hyen, has a substantial interest in that money. So if you judge this case in the context of an interpleader, there's no case that anyone has cited, including the court below, that an interpleader case can deny the right to intervene to a party that has a significantly protectable interest, as Judge Fees found in his order below. Unless there's a party already, someone who's already been invited to the party, who has basically the same interest in preserving your client's rights to that pot of money, right? And so, I mean, I would say this to you, and I'd be interested in hearing what you have to say in response. Without that settlement agreement, I don't think you would prevail here. But maybe you can describe why the settlement agreement causes a divergence of interest between the law firm and your client. Your Honor, the settlement agreement, the settlement agreement between Mr. Hyen and Ryder Hobbs and Davidoff, the settlement agreement provides that Ryder Hobbs and Davidoff will use its best efforts, as the court below noted, to effectuate the payment of the $5 million, excuse me, which is the money that's deposited into the federal court. Ryder Hobbs and Davidoff has no exposure for the settlement beyond the money, which is the insurance money. So you've, pursuant to this settlement agreement, they are now off the hook for that $5 million chunk of the judgment? They are. They are. So our payment of our judgment is going to come from that $5 million payment. Or you just are, and if there's no, let's just say that somehow that money gets depleted, you're just out the $5 million. That's right. We, because Ryder Hobbs and Davidoff was threatening bankruptcy after many mediations, worked out a settlement agreement where, at the time, we were told, but it was told to us that the $5 million would come to us. And I have to say, we believed that because we had a judgment, a judgment, an enforceable judgment, that we had the greatest claim, preferential claim, to that $5 million. But Ryder Hobbs and Davidoff does not have to, I mean, they're contractually obligated to use their best efforts, but if they didn't, they'd say, well, we did the best we could, and sorry. $5 million is either gone by the Hummer and Peterson depletion of those funds from their attorney's fees or some payment of a judgment if that judgment ever came down. So am I right that you're a real complaint with what the law firm did here? It's not. I mean, they did file the motion saying, please, Your Honor, pay this $5 million to your client, right? So they did what you would expect them to do. But your complaint is that when the court denied that, they failed to appeal? They allowed a stay to be entered? Is that the problem? It's more basic than that. As the Ninth Circuit has said about interpleader actions, and I'm quoting, the purpose of such an action is to resolve in one proceeding all claims to a race. Without all significant claimants in an interpleader action, its purpose is materially frustrated. We have a claim to the race, and nobody denies that we have a claim to the race. Even Hummer and Peterson in the worst-case scenario agree that that $5 million, if they were able to invade it at all, that that race would be divided among the parties. So Ryder, Hobbs, and Davidoff is not claiming the $5 million for itself. Ryder, Hobbs, and Davidoff is saying that money should go to Mr. Hyen, but we are parties with a significant interest under the interpleader statute, and we're entitled to be at that event. We're entitled to be in that case and not be relegated to there's another party which does have some similar goals. And, Your Honors, it's important that under Rule 24 and under Rule 19, which defines and describes and the case law describes who is entitled to have their own independent standing, it's not a case where just somebody who's making similar arguments, you can be shut out. You're entitled to come in. But it really is about adequately represent, right? So what, in fact, would RHD not be able to do that you could do? What RHD might be able to do, Your Honor, is not the issue. It's RHD. Well, the issue is unless existing parties adequately represent that interest. Adequately represent that interest. That interest. And the district court said, based on my view of this settlement document and based on the language therein, I think they would adequately represent the interest. And so, therefore, there is no right, and in my discretion, I'm not letting you in either. And under the case law, Your Honor, there's no interpleader case where there is a race that a party has a claim to, where a court has ever said somebody else can make the arguments, can take the actions, can represent you. A party who doesn't is making no claim to that property. There's absolutely no case that has said that. And the case law and the statute say if the party may, may not adequately represent, the burden is on, if you will, the district court to say this party that is going to speak your voice, represent you without you being present. There's no question. There's no question that you will represent them. Okay. Go ahead. I had one more, but go ahead. There is one fact issue that you left out that I'd kind of like to know, and I did a lot of research. As I understand it, there's still a million dollars of the underlying that's sitting someplace. We don't know where that is. There's some amount of the underlying, the primary policy, the liberty policy, Your Honor. There's some amount, which, by the way, is still being used to fund Hummer and Peterson, who are invited to the district court party, who are allowed to speak. Their right to the $5 million arguably doesn't exist at all because it is not, it is not activated until the liberty policy is exhausted. So that liberty policy, which we also have a right and a claim to as well. You have it? That's what I understand. Yes, Your Honor. But it is not in the interpleading funds. It is not, and there's another question. That money, that liberty entity should be interpled into the district court as well. I don't, I'm not in that action, so I can't do anything about liberty. The court has exercised exclusive jurisdiction and imposed a stay. So liberty, in my view, should be interpleaded in. The court, in its opinion, discusses liberty and says, well, you don't even activate the $5 million until you exhaust the liberty. Now, you might ask me, well, you can't, you, Mrs. Smith, can't get to the $5 million either. Ersic. Well, that was going to be my question, so you just well answered. I mean, I was saying you can't even get to the $5 million until a million is gone. Well, the policy holder for the umbrella has already agreed that the judgment we have, which exceeds the liberty money under insert. 7.5. Right. Will, that they will pay the money over. They're not saying that they need to wait for the liberty money. They would go ahead, as I understand it, and pay the money over. The block is that Hummer and Peterson are saying that they have a right to their defense fees before a judgment. A judgment can be satisfied. And that is a question of law that was never decided at the district court level, but needs to be decided. And, Your Honors, it needs to be decided with me and Mr. Hyen being able to make our arguments. So if you were, this is my question. I just want to get it. You better get your question answered. If you were allowed in, what is it that you would do that the law firm hasn't done? So first, I would bring a motion for turnover of the $5 million myself. The issue of the turning over of the $5 million was decided on a motion that I didn't even have a chance to brief or argue. There are different arguments. I believe that Judge Fees got the issue of the direct action question wrong. I believe that the proper authorities were not cited. I should be able to make those arguments. And then ‑‑ That motion was brought. It got denied. Maybe you have different arguments. Okay. What else? And then if that argument was decided by Judge Fees, I would have a chance to either come to Your Honors or ask that the California Supreme Court be referred that question of California law, which is a significant question of California law, on the question of whether a judgment holder has a direct action when they have a money judgment. And I have lots of arguments on that. I don't think, Your Honor, although everybody spent a lot of time briefing that, I think the initial question on that is do we have the substantial interest under the rules in the case law in an interpleader case where even the court below says we have a substantial interest in the $5 million. We believe the best argument of anybody that we're entitled to the entire $5 million. So liberty should be brought into the district court action, which nobody has done. There's a stay in that action now, which I would move to lift, which Rutter, Hobbs, and Davidoff has not done. We would tee up the legal issues to get them decided by Judge Fees on the proper motion with the proper claimant before him, and then we would have an opportunity to have appellate review either here or at the California Supreme Court. I think this is a perfect case for the California court to look at the insurance code section, the appellate court opinion, the Willits case, which we believe is almost dispositive on the issue, and resolve that issue. But I think liberty being brought in and activating the $5 million is one of the obvious things that's not being done and should be done at the district court level. And just as an aside, we aren't even able to monitor this because we're not on the service list, so we're getting secondhand information at best. Ms. Smith, I think we understand what the problem is, that there are more claims than money, and you want to make sure you're going to get your share. What, in your opinion, is the legal question? How do you phrase the legal issue that's before us today for resolution? The legal issue before your honors is when there is a party with a substantial claim to a deposited race in the district court under the Rule 24 and under Rule 19. Must the court allow that party to come in and be represented so that that party may represent his own interest if there is not perfect alignment with another party in the action? And we would have to, again, rule as a matter of law. Is that what you're suggesting? You would have to rule as a matter of law that when there's an interpleader action and the party may not, may not be fully represented by another party in the action, in this case, well, a matter of law, in fact. As a matter of law, when the party may not be represented by the party below, by the existing party below, then that party must be given a right to intervene. In this case, we cited the reasons that Rudderhoff and Davidoff may not adequately represent us because they are being sued by their former lawyers in their law firm. They have some interest in resolving those matters, which they're claiming the same money and other things in that lawsuit. They don't have the same property interest. They no longer have any right to ownership in the $5 million. And they have no liability if the $5 million doesn't go to us. They have no exposure. Excuse me. Go ahead. Go ahead. Don't we have to decide as a matter of law you have a right to intervene, that it's not discretionary with the district court? You have to decide that under the intervener and interpleader rules, that under the circumstance where we have a substantial interest in the corpus, in the race, and there's no party within, and there's a circumstance where an existing party may not adequately represent us, then we have a right to come into the action. And every party You really seized on my question, which I have worried about in this particular case. It seems to me nobody's claiming that the first element about the interest is a problem, and nobody's worrying about the action may impair or impede. The only thing we're worrying about is did the district court did a good job in determining whether the existing party adequately represented the interest. And so I looked at all kinds of case law to determine whether I, sitting on appeal, reading your briefs and their briefs, not being involved really in the day-to-day of what's going on, am a better chance to decide whether the interest may be inadequate, the representation of the interest may be inadequate than the good judge at the district court. Now, I know this is de novo review, but I'm also, in reading those cases, some concern that whether the representation of the interest may be adequate is not quite a legal question. And it seems to me you're trying to make it into one. Every time there's an intervener such as you're a proposed intervener such as yourself, I didn't find any law to that effect, and so I'm still back at my same question. Do I owe any deference to what the good judge did in the district court in determining whether the representation of the interest are adequate? Your Honor, I think in an interpleader case where there's funds in the court. Let me answer my question, really. Yes. I don't want you to restate the law. I know what the law is. My worry is that you're suggesting that every time these come up on interpleader, that an appellate court will have just unfettered discretion to decide whether the representation of certain interest is adequate or not, and if they don't agree with the district court, they can just impose their idea any time they get ready. And my worry is, being a former district judge, I'm not really that happy with that idea. So I'm asking you, tell me I'm wrong, and if I am, why? So, Your Honor, I think you're not wrong in your worries, but I think you're wrong in your analysis of what this Court ruling as a matter of law in an interpleader case with a fund deposited. None of the district judge, I believe Judge Fease was looking at this in a broader context. He was looking at intervention, the cases he cites are not cases where there's a corpus of fund in the court, which the court is the stakeholder of. In my practice and experience, Your Honor, it's an inclusive policy, interpleader. It's not an exclusive policy. Judges typically, when I'm standing on the other side of the room. Very minimal the burden. Very minimal the burden. That's what I saw in all my cases. I'm nonetheless very minimal satisfied if the applicant can demonstrate that the representation of its interests may be inadequate. That's the worry I have, that its interests may be inadequate. As Judge Fease said below, the court holds that Rutter, Hobbs, and Davidoff will undoubtedly make all Mr. Hines' arguments. Undoubtedly make all Mr. Hines' arguments. That was the standard that the court used. I represent, to Your Honor, when there's an interpleader with a corpus where a party is purporting to represent another claimant and that party doesn't have an ownership right in the race at all, that it is impossible for that party to meet the standard and say, undoubtedly I will make all the arguments that Mr. Hines would make who has an ownership stake. Which is why district courts typically tell the claimants who are there, we have to interplead everybody because we want everybody who has a right to this corpus or an assertive right to the corpus to be here and be heard, not be excluded, so that I can claim for the insurance carriers, I wasn't even there. Whatever happened, I wasn't there. I'm surely not bound by any rulings that have come out. I'm going to sue you separately. So the idea is to get everyone in and Rutter, Hobbs, and Davidoff, for the reasons that we've briefed and for the reasons that I hope I've described to the court and answered some questions, cannot and is not representing Mr. Hines, is not taking the positions that he would take that I would take if I'm allowed to come and represent him, take the appellate actions and the actions I've described, if we can represent our own right to the corpus and we're the only party other than Hummer and Peterson who are claiming a right to the corpus. And, Your Honor, one other thing, Mr. Hummer and Mrs. Hummer and Mr. Peterson are at this party, and they're depleting the liberty funds just the court below said we're going to maintain the status quo. The status quo is not being maintained. I think we understand that part of your argument.  Thank you very much. Thank you, Your Honor. Good morning, Your Honor. This is Todd Lander on behalf of Mr. Peterson. There are three of us here, Mr. Hummer representing Mrs. Hummer, and Mr. Gale representing the Executive Risk. So I'm going to try and limit my time to six minutes. I don't know how successful I'm going to be. Judge Smith, your reasons for being concerned are legitimate. This case, if I'm hearing counsel correctly, is one where Mr. Hine is essentially saying that if we have an interpleader case, we should simply discard the fourth prong of the Rule 24 test, because if the judgment creditor claims an interest or certainly has an expectancy that the insurance proceeds would be used to pay off the debt that has been manifested in the form of a judgment, that as a result of that fact, you simply don't need to assess the adequacy of the representation. I don't think we need to rule that broadly for Mr. Hine. I don't think you do either, Your Honor. I guess what I'm saying is – I'm sorry, go ahead. Let me just ask this question here. I'll just kind of cut to the heart of at least my concern. And as I said to opposing counsel, if that settlement agreement did not exist, I don't think that Mr. Hine could win here. So that's why I'm saying I'm not – I wouldn't be prepared for a second to go as far as what you just articulated. But it seems to me what's significant about that settlement agreement is that it creates a divergence of interest between Mr. Hine and the law firm, because the law firm no longer is on the hook for that money. So if the funds get depleted in the interim while the stay is in effect, the law firm, no skin off my nose, but there is skin off Mr. Hine's nose. But I would – two things, Your Honor, because I read it differently than you, and I'll explain why in a moment. One, we've never seen the contract. I mean, I think you're absolutely correct that in the absence of the settlement agreement, Mr. Hine would not have the right to intervene. And I think what's happened here is there's an attempt on the part of Mr. Hine and Rutter-Hobbs to create collectively by contract what Mr. Hine could not do individually, which is to intervene in this case to make a direct claim to the funds. Well, he's only doing it because he sees the funds being depleted. Agreed. And when he looks, his argument on the fact that it's being depleted can't be ignored, I don't think. Agreed, Your Honor, but to your question, Your Honor, the settlement agreement actually combines the interests of Mr. Hine and Rutter-Hobbs. I don't know what the circumstances of the settlement agreement were. I don't know why Mr. Hine agreed to whatever he agreed to. We haven't seen the agreement. You've seen it, and I'll just tell you it's exactly what I don't want to get misrepresented. Your Honor, it says that with respect to that $5 million chunk of the judgment, the only way you can get that portion, you, Mr. Hine, the only way you can get that portion satisfied is if you look to that $5 million policy. Fair enough. But what happens for purposes of the adequacy of the representation is Rutter-Hobbs now has a contractual obligation to do everything possible to affect the implications and the intent of the settlement agreement. And it has. It filed the motion. Agreed. It has adequately represented the interests of Mr. Hine. It's done what it can do. Not now, because the motion got denied, and the law firm decided, well, and a stay was imposed, and the law firm decided not to. That's fair enough, but that doesn't mean the law firm now just discards its efforts to ensure that the money goes where it wants it to go. Just because the motion was denied doesn't mean the interests of Mr. Hine and Rutter-Hobbs suddenly diverge. They're completely divergent now. We disagree with that, Your Honor. Well, let me just, I don't know how you could possibly disagree with that. The law firm is sitting there saying, we don't really care what happens while the stay is in effect and while these two lawyers deplete the funds. Let's say the liberty policy is exhausted and we start eating into the $5 million. That's the only person who's harmed by that is Mr. Hine. Mr. Hine, the law firm suffers no harm whatsoever from this. But the law firm, if it doesn't fulfill its obligation to engage in best efforts, I don't think the law firm said at this point, we've stopped our efforts. I think the law firm has a continuing contractual obligation to Mr. Hine to attempt. It's done everything it could. It filed the motion. It said, please, Your Honor, pay them this money, and the court said no. But the case is not over, Your Honor. Rutter-Hobbs is still a party, a defendant, to the interpleader action. It still has its continuing obligations to Mr. Hine to continue its efforts to effectuate the disposition of the proceeds. It has done nothing, and the money in the interim, while the stay is in effect, will be depleted presumably at some point. But that's going to be true no matter what. Right. So that's what I'm saying. Her client has an interest in stopping the depletion, and the law firm doesn't. I disagree with that, Your Honor. Rutter-Hobbs has a continuing contractual obligation to Mr. Hine to attempt to ensure that Mr. Hine receives the proceeds of the policy. Now, the fact of the matter may be the language, though, is use its best efforts, and that can mean any number. It could, but, I mean, I think it's very clear. And, again, you've read the agreement. We have not. We've not seen it. I told you what it said. I agree with that. There's nothing more in it that's relevant to your argument than what it says. I understand that, Your Honor. Best efforts is a term barred under the law. Yes, you're right. It's not finite. But, clearly, Rutter-Hobbs is exposing itself to a breach of contract obligation that suddenly says, oh, gee whiz, we give up. We did our best. We filed a motion. It's denied. We're done. I don't think it can do that. The fact of the matter is it has an obligation to Mr. Hine to effectuate the intent of that contract. It has filed the motion. The motion was denied. That doesn't mean its obligations under the contract are somehow vitiated. Maybe not. Who knows? But Judge Fies, I don't mean to interrupt you. I'm sorry. To Judge Smith's point, Judge Fies had all that information. He was aware of that. These issues were vetted to Judge Fies, and he determined that there was an adequacy of representation. The contractual obligation of Rutter-Hobbs continues. case makes clear that if the intervening, if the party present is basically on the same side, has the same interest as the party that's attempting to intervene, there's a presumption of adequacy. Clearly, I mean, I take your point that you've read the agreement and it says what you say it says, but that doesn't mean that Rutter-Hobbs' obligations are somehow suspended or terminated. They are not. Rutter-Hobbs has a continuing obligation to see to it that, if possible, Mr. Hine gets the benefits of this policy. Ms. Smith is making what she considers a fairly simple argument. She says the pot is there. It's not going to expand. There's a certain number of people who have a right to a slice of the pot. Everybody who has a right to a slice of the pot is at the table but me, and I want to be there. And what do we say in answer to that? We say that Mr. Hine, by way of this contract, appointed Rutter-Hobbs effectively as his agent to pursue the benefits of policy. Now, part of the contract, part of the agreement, although we haven't seen it, the import is clear, part of the agreement is to effectively render my client uninsured. You corrupt me. I'll ask you a question. I didn't mean to corrupt you. I'm sorry, Your Honor. He can say, all right, they're claiming that they are my agent, but I don't want them. I want to select my own person to sit at the table, and I want them there. What does the court say when it looks at it? What gives somebody the right to be the agent when the party who needs the agent is saying, I don't want them? Mr. Hine negotiated a settlement agreement with Rutter-Hobbs. He was presumably free to negotiate whatever agreement he wanted to negotiate or not negotiate. He made the decision as to what agent he wanted appointed for purposes of attempting to vindicate whatever rights he believed he had under the policy. He appointed Rutter-Hobbs to do it. So that decision was made pursuant to the settlement agreement, and Rutter-Hobbs is clearly in the position of trying to effectuate the intent of the settlement agreement before the district court. Judge Feist simply found that Rutter-Hobbs was adequately represented. Let me ask you a couple of factual questions. My understanding, when Hine moved to intervene, that ERSIC took no position as to those motions, correct? I believe that's correct. Executive Brist has counsel here, and I would let him answer the question, but that's my understanding. Okay, so he would be able to better answer why he said, except he does argue against the claims that Hine would make against ERSIC. Agreed, and that is an issue. I will say that the question of Mr. Hine's direct claims against the policy are very much the linchpin of his briefing, and it's pursuant to 11-580, and our position is that the statute is clear, that it relates to bodily injury, a judgment arising out of bodily injury, death, or property damage, and that notwithstanding the vicissitudes and many failures of the California legislature, if it wanted the statute to include money judgments, it could have said money judgments. The reliance on Willits is misdefined to me because Willits was a case that involved environmental damage to real property. The only thing I wanted to do is make sure I understood what those claims were. Right. So you told me. Okay. I think I'm well past my six minutes, and I don't want to cut in unreasonably into my co-colleagues, so I will step down. Thank you, Your Honors. May I know how much time there is left of us? 5.09. 5.09. Your Honors, Lawrence Hummer for Rosalynn Hummer. I want to address just one thing, and then I am going to turn it over to Mr. Gale. We've had a lot of talk about a contract that we have not seen, that we requested in discovery that we did not get, that I understand the Court has now seen it. I was unaware that Your Honors had even seen it, and I had no knowledge it was being tended to this Court. The issue is really simple. Rudderhobs and Davidoff and Mr. Hine worked out a deal that they don't let us see that says something that we are told part about. We were never able to examine it, never able to question it, never able to understand it. Whatever terms they worked out in secret satisfied them. They obtained the agent, if they will, that they want. It is not true that Rudderhobs and Davidoff is gone. It is alive and kicking. It is litigating in the Superior Court. Every three months we file a joint report about the status of the underlying litigation. They are around, and if they were not around, the cases in this circuit of Brobeck, Flager, and Harrison and Heller-Ehrman demonstrate that the shareholders of that firm would potentially have liability if the firm failed to perform the contract and had made distributions to the shareholders of its assets. So it is not true that Rudderhobs has no interest to defend. It is aggressively defending them. I would just make that point that we objected to the fact that the argument was made based on hearsay and not best evidence about the relationship between these parties. We accept that what they tell us, they're thoroughly linked. They demonstrated it by filing motions simultaneously, by having Mr. Hines' evidence rely upon what was submitted to the Court by Rudderhobs. If you looked at their briefings, you will see that. They cited the evidence submitted by Rudderhobs. I'm going to turn over this to Mr. Gale, not hearing any questions, because I want to give him some time. Thank you, Your Honor. Thank you, Your Honor. Paul Gale on behalf of Executive Risk, which some people refer to as ERSIC, but I'll say Executive Risk. We opposed Mr. Hines' motion in the district court as it related to the four claims asserted against Executive Risk in the proposed complaint and intervention, and that was a claim for breach of the malpractice insurance contract, for bad faith, for violation of Section 11580, and for debt relief. And I would point out that Section 11580 is the main exception to the general rule in California that a person cannot sue an insurer for breach of contract or bad faith unless he is uninsured or unless he is an assignee of the insurer. So counsel cited to the city of Willett's case and said she thought it was dispositive on this issue. I would submit that not only is Willett's not dispositive, it cannot be more distinguishable than if you tried. It does not support Mr. Hines' claim that he is standing to assert a direct action against Executive Risk. In Willett's, there was a judgment. Well, I understand what your argument, but I guess my point is, is that something, the fact that additional claims were made that you opposed, have anything to do with the motion to intervene? Well, the motion, yes, the motion to intervene. I mean, did it have anything to do with the good judge's decision not to allow them to intervene? I believe it did because the linchpin was stated earlier on the motion to intervene was that Mr. Hines had standing to intervene in the lawsuit because it had a claim to the rest, RES. And he doesn't have a claim to the rest. He's a – and this is really not our issue. I always thought from law school over the remaining 35 years of my career that when you have an interpleader and you take your money and you give it to the registry of the court, you're out of the case. And that's what we did here. The reason we don't take a position is because we no longer have any ability to control what happens with that money. Interpleaders are – the court sits in equity in an interpleader action, and now Judge Seas is going to decide how to distribute the money. He may very well decide to give some to Mr. Hines, whether or not Mr. Hines is a party. It's a completely equitable proceeding. Can I ask you, just out of curiosity, am I right in remembering that in the initial interpleader action you actually named Mr. Hines as a party and then later dismissed him for some reason? Well, the original complaint did not. We then filed a first amended complaint that did. And then on further reflection – Why? That's what I'd like to know. Well – That was a good question. It is a good question. I'm prepared to answer it however it would invade the attorney-client privilege. There is nothing in the record that answers the why question, and I just can't waive the attorney-client privilege other than to say under Rule 41 we had the right to do it and we did it. One could see that just facially the proceeding is less protracted than it might otherwise be if there were not just Mr. Hines but all the other claimants. And so – You don't have to invade the attorney-client privilege, but one can assume you did it because you said, what's it cost us? And if we don't do it, we might get a lawsuit. So let's just throw it in here. You threw it in there. There he is. Well, he's no longer in there because we dismissed him and the money is no longer ours. We lay no claim to the money. One thing that hasn't come up, and I'm sure the court appreciates that Willis had to do with environmental contamination to real property, but the one thing that hasn't come up is that we argued two cases in our briefs. One was the GDF case and one was the EXPECT case. They both involved economic loss, and in both cases the court said that there was no direct action available to the judgment creditor. We discussed those at length. In the reply brief, they were not – counsel did not even address or acknowledge the existence of those two cases. So as far as executive risk is concerned, we would oppose any attempt to drag us in on a direct action brought by Mr. Hine against executive risk. Thank you, Your Honor. Thank you. I think you've got about a minute and a half to go, Ms. Smith. Thank you. I gave them a little extra because there were three of them and you released that much. I was outnumbered. Your Honor, yes, we were a party. Executive risk named us in the first place, sued us, and then took us out. I think the reason they took us out was they didn't want our voice to be heard. They know we're going to make arguments they don't want to hear, which underlines my point. The – it was interesting because counsel for – As to the money, what were the arguments they don't want to hear? As to the money itself? Yeah. The arguments that they don't want to hear. I mean, the bottom line is if your argument is good and we're only really dealing about the money, what were the arguments they didn't want to hear? The argument on a direct action, the right of the judgment holder to pursue the direct action, is an argument that I believe needs to be made by somebody other than an insurance defense lawyer. And so all the lawyers who are in the action – You're aiming right at my heart. Sorry. There's some – I was one of those ugly guys. No, no, not ugly, Your Honor, but – not ugly in the slightest, but there's some interest with different clients about making – I mean, I'm not sure they don't make good arguments, just because we're not playing them. So, you know, come on. There's some reasons – Go with the reason. There's some reasons that the direct action argument, which really isn't the intervention action, but that piece of it – Well, that's the worry that I have. It doesn't seem to me that that's even an action that's supposed to even be brought in an intervention. And the way that works is, Your Honor, first I get to intervene, then there's a complaint, then there's a motion to dismiss if that's appropriate. I get to make those arguments, and we may be back up here again discussing that, but I don't get shut out before that ever happens. One final thing. It was interesting to me that lawyers for Mrs. Hummer and Mr. Peterson were saying they didn't have the contract and they've served discovery. Remember, I'm not at this party. Nobody served discovery on me, so I wasn't even available to give them what they're saying they wanted to get, because I wasn't in this action. So whatever happened, if Brutterhoffs and Davidoff didn't give it to them, the judge, the district court, did see the contract, and Your Honor's have it because it was in the record. You know, you're already in the red, and I want to get you going a different way, but the way somebody has to look at the case is some arguments have to be made to the district court who entered the order, and that court had a right to decide. And what I think you're saying to us is that the court made the wrong decision, and I think, and I want to tip my hand because I think we have to find, do you have a reason? Can we see that as a matter of law the court should have done it, or do we see that the court has a usual discretion to decide what's going to be done? And I don't know how you're going to tell us as a matter of law the court had to do what you wanted to do. I think when you look at it, Your Honors, and you reflect on it, that you will find as a matter of law when a party has a conflicting interest with a party that is allegedly going to represent it, that cannot satisfy the rule that is not the same interest. We have conflicting interests, as we've discussed at length, with Rutterhoffs and Davidoffs now, and they cannot represent us and should not represent us as a matter of law. Well, that's the line I would ask. I assumed you were going to make the first time we asked the question, but it needs to be on record, and I wanted it there before they came to rebut, so they could tell us why it wasn't so. Well, I'm sorry I didn't pick up on it, Your Honor, and it's from one Alabama girl to an Alabama boy. Thank you very much. Be careful how you call boy around this place. We've left Alabama. Thank you very much. Thank you for your argument.
judges: Farris, Smith, Watford